1  Dale Curten
2  c/o 13945 West Walnut Grove Road, Slip18
   Walnut Grove California[ 95690]



3

4                                    APR 1 9 2018

5                          CLERK, U.S. DISTRICT COURT
                           EASTERN DISTRICT OF CALIFORNIA
                           BY _____
6                                    DEPUTY CLERK



7

8              IN THE UNITED STATES DISTRICT COURT

9                EASTERN DISTRICT OF CALIFORNIA

10

11  Dale Curten                    )      CASE NO:
                                   )      2 1 8 - CV - 9 6 5   TLN KJN PS
12                                 )
13          Plaintiff(s)           )      VERIFIED COMPLAINT FOR
                                   )             DAMAGES
14  NEW PENN FINANCIAL, LLC dba as )      ( Violations of 15 USC 1692)
15  (SHELLPOINT MORTGAGE,SERVICING))      (Federal Emergency Relief Act of 1933)
    BANK OF NEW YORK MELLON,       )
16  WEDGEWOOD.                     )
17          Defendant(s)           )      JURY TRIAL DEMANDED
                                   )
18  ─────────────────────────────  )

19      **COMES NOW**, the Plaintiff Dale Curten  a living man complaining of the defendant(s) and

20  each of them as follows;

21                          **INTRODUCTION**

22      1.  This action is an action brought by the Plaintiffs for violation of the  15 U.S.C.§1681,

23  Fair Debt Collection Practices Act.

    **I.**                       **THE PARTIES**
24
        2.  Plaintiff Dale Curten," is now and at all times relevant to this action a citizen of the State
25
    of California. Plaintiff is a "consumer" as that term is defined within 15 USC§1692a (3).
26

27  3. Defendants "SHELLPOINT MORTGAGE SERVICING, BANK OF NEW

28  YORK MELLON" ("Debt Collectors") and WEDGEWOOD INC. purchaser of the note from

    SHELLPOINT at auction.

                        **COMPLAINT   FOR DAMAGES**

**II.**                    <u>**JURISDICTION AND VENUE**</u>

4.   The US District Court Eastern District of California has jurisdiction pursuant to 15
USC§1692  and the court has concurrent jurisdiction over Plaintiffs tort state claims. Venue is
proper as the occurrences which give rise to this action took place within the state of California.
Therefore venue is proper within this court.

**III.**                        <u>**FACTUAL ALLEGATIONS**</u>

5.   Plaintiff brings this action regarding the defendants and each of them, in their continued
attempts to collect an alleged debt defendants claim is owed them by selling plaintiffs property.
Plaintiff is without knowledge of the alleged debt defendants claim is owed.

6.   On or about February 1, 2018 Plaintiff received a dunning noticeby defendant
"SHELLPOINT MORTGAGE SERVICING". (*see*, attached"Exhibit B"). The dunning notice
makes numerous claims by the defendant(s)regarding an alleged loan, mortgage, and or Deed of
Trust. Plaintiff is withoutspecific knowledge and evidence that supports defendant's claims and
allegations.

SHELLPOINT claims they are servicing a loan for BANK OF NEW YORK MELLON. Plaintiff
plans to request all contracts between SHELLPOINT and BANK OF NEW YORK MELLON in
the discovery phase. Plaintiff also plans to request the Defendants produce the original note with
a wet ink signature authorizing defendants to demand payment.

7.   On or about January 20, 2018 in response to defendants dunning letters, Plaintiff served
upon them a Notice for Validation of Debt pursuant to 15 USC§1692, FDCPA. (*see* attached
"Exhibit C") The notice required the defendant " debt collector" to validate/verify their alleged
debt pursuant to 15 USC§1692g.

8.   WEDGEWOOD INC. bought the property from SHELLPOINTMORTGAGE.
SHELLPOINT MORTGAGE never had the authorization to sell the property to anyone as they
are simply a debt collector. Plaintiff plans to request in discovery the amount of money paid by

**COMPLAINT   FOR DAMAGES**

SHELLPOINT or BANK OF NEW YORK MELLON for the said property, deed of trust, or any other instrument.

9.    The following is from the deed of trust that states on line 23 (see Exhibit D) that states upon payment of all sums secured by the security instrument lender shall request from the trustee to reconvey the property to the lender. The payment  has been made to Countrywide by the United States Treasury, then again when sold to BANK OF NEW YORK MELLON. Plaintiff has not received the reconveyance as specified by the deed of trust.

10.    The above detailed conduct by the Defendants has more to do with their deceptive and illegal acts in their attempt to collect the alleged debt, as opposed to any legitimacy of their alleged debt. The FDCPA, relates to the defendants even if they were collecting a legitimate debt Plaintiff alleges for the record that neither defendants are creditors, Lenders, nor mortgagees, neither did any of the defendants provide any credit, or services to Plaintiff.  Nonetheless, each of the defendants are 'debt collectors" pursuant to 15 U.S.C. §1692a(6). Plaintiff alleges the FDCPA states in part;

    The term "**debt collector**" means any person who used any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, or used any name other than his own which would indicate that a third person is collection or attempting to collect such debts. For the purpose of section 808(6), such term also includes any person who used any instrumentality of interstate commerce or he/she mails in any business the principal purpose of which is the enforcement of security interests.

11.    Plaintiff  seeks damages as a result of defendant's acts. For the purpose of section 808(6), such term also includes any person who uses any instrumentality of interstate commerce or he mails in any business the principal purpose of which is the enforcement of security interests. According to U.S.C. Title 15, Section §1692a (4)" The term "Creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in

**COMPLAINT  FOR DAMAGES**

3

1  default solely for the <u>purpose of facilitating collection of such debt for another.</u>" Debt collectors

2  are not allowed to take property." BANK OF NEW YORK MELLON received an assignment

3  while the alleged debt was in default, clearly making them a debt collector, not a creditor,
   according to the above. BANK OF AMERICA the previous alleged note holder, nor BANK OF

4  NEW YORK MELLON never filed into the Kern County Recorders office any note, instrument,

5  or any other document that shows a contract between Dale Curten, and Bank of America. BANK

6  OF NEW YORK MELLON has an assignment registered with a county recorder out of the state

7  of California. No assignment, or any other paper work other than the notice of sale has been

8  recorded with the county recorder of the County of Kern.

9

10    12.  SHELLPOINT MORTGAGE SERVICING is not registered with the California

11  Secretary of State. The sale of Plaintiffs property is void and invalid, since SHELLPOINT never
    had the authority to sell the house as they are not registered with the Secretary of State,

12  California, and the fact that they are a debt collector. Addittionaly, a request for verification had

13  been sent to Defendant, thereby invoking the FDCPA. There is to be no non judicial sale per the

14  FDCPA. Defendant sold the house anyway in an unauthorized auction.

15

16    13.  USC §1692a(6). Plaintiffs allege the FDCPA states in part; The term "debt collector"

17  means any person who uses any instrumentality of interstate commerce or the mails in any

18  business the principal purpose of which is the collection of any debts, or who regularly collects

19  or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due

20  another.

21  **Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph,**
    **the term includes any creditor who, in the process of collecting his own debts, uses any**

22  **name other than his own which would indicate that a third person is collecting or**

23  **attempting to collect such debts.**

24    14.  In MALLORY v. McCARTHY & HOLTHUS, LLP, the court ruled that statements on a

25  letter stating "this is an attempt to collect a debt" makes the defendant a debt collector. The letter

26  sent to Plaintiff by defendant Shellpoint Mortgage clearly states at the bottom of the page (see

27  exhibit)  "This is an attempt to collect a debt and any information obtained will be used for that

28  purpose. This communication is from a debt collector". This statement clearly identifies
    Shellpoint Mortgage as a debt collector.

**COMPLAINT   FOR DAMAGES**

15.   Plaintiff is a consumers as defined with the Rosenthall act, defendants are business enterprises as defined in Rosenthal act. Defendant's alleged debt is a consumer transaction, and consumer acts or practices in trade or commerce. This Act protects "consumers and legitimate business enterprises" by forbidding and declaring unlawful any "unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce."

16.   Plaintiffs as a condition precedent sent Notice to each defendant incompliance with the Rosenthall Act (*see*, "Exhibit E").

17.   Paragraphs 1-16 are re-alleged as though fully set out herein.

18.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

19.   Plaintiff is a "consumers" as defined in 15 U.S.C. §1692a(3).Defendants are debt collector as defined in 15 U.S.C. §1692a(6). Defendants were attempting to collect a debt used for "household purpose" as defined by 15 U.S.C. §1692a(5).

20.   Plaintiff (s) served defendant with a Notice of Dispute in compliance with 15 U.S.C. §1692g. 15 U.S.C. §1692g requires defendant to provide Plaintiff with verification of the alleged debt once received. 15 U.S.C. §1692g(5)(b) requires defendant to cease all collection activity until the debt collector obtains *verification* of the alleged debt. Defendant has failed to provide one scintilla of proof of their alleged debt.

21.   Defendants have violated the FDCPA, and caused damages to Plaintiff by their failure to comply with the Act. Possible defendant's violations include, but are not limited to the following:

    a.   Defendants have violated 15 U.S.C. §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt and;

    b.   Defendant have violated 15 U.S.C. §1692(j) "by using unfair or unconscionably means in connection with the collection of an alleged debt;

    c.   Using unfair or unconscionable means to collect or attempt to collect a debt, violation of 15 U.S.C. §1692f;

    15 U.S.C. §1692(i), "Any contest over real property must be brought before a <u>judicial</u>

**COMPLAINT   FOR DAMAGES**

court as a judicial action"

Defendant has violated 15 U.S.C. §1692e(6), "Sale or transfer of any interest in the debt will cause the consumer to lose any claim or defense to payment of the debt.

d.  Defendant has violated 15 U.S.C. §1692(j) of the Fair Debt Collection Practices Act by using unfair or unconscionably means in connection with the collection of an alleged debt.

e.  Defendant has violated 15 U.S.C. §1692f, "Using unfair or unconscionable means to collect or attempt to collect a debt".

f.  Defendant has violated 15 U.S.C. §1692f(1) "Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

g.  Defendant has violated 15 U.S.C. §1692f(6) "Taken, or threatened to unlawfully repossess or disable the consumer's property. On March, 2014, Defendant sold Plaintiffs property.

22.  Specifically defendants  knew it was not entitled to collect on the non-existent debt.

23.  Defendant(s) were fully aware that they were/are unable to provide a performance contract executed by Plaintiff, whereby Plaintiff is obligated to defendant.

24.  Defendant(s) alleges by operation defendant of, execution and filing of the " assignment" Plaintiff became obligated to defendant, and defendant(s) by in large became plaintiff 's creditor.

25.  Plaintiff plans to request in discovery what  does the term  of "consideration" and or  " valuable consideration" as stated on the assignment.

26.  Plaintiff is unable to determine the validity of defendant's purported assignment of the alleged debt for the following reasons:

1.  Firstly Plaintiff is not familiar and or otherwise is not provided with the definition of   the term  "for value received."

2.  Secondly, it is Plaintiff 's understanding that the term " for value received" can be non – monetary in natures;

3.  Thirdly, the assignment was executed on the date defendant alleged the debt was in default, which deems them a " debt collector" and not creditor, per U.S.C. Title 15, Section §1692a(4) "The term "Creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives anassignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another".

**COMPLAINT   FOR DAMAGES**

27. Additionally The sale of the property to the so- called defendant was done while the property was in bankruptcy, this is a violation of the statute, violation of jurisdiction as once the home was place in bankruptcy that made it federal jurisdiction, there has been no evidence placed on the record by the defendant that they had leave of the federal jurisdiction while the matter was in bankruptcy.

28. There is no requirement in any law that say that I have to spell out to the court what the law, the trustee did not have authority to operate while the property was in bankruptcy and yet they presumed and/ or assumed to have this authority, they would have to present such authority and independence would have to present such authority on the record.

29. The burden of proof would not be shifted to myself but it would have remained with the defendant. To date the defendant has not put forth any such burden of proof, and I do not have to bring forth their burden in order to prove to this court that It needs to/must follow the law.

30. When I bringing this court attention under the laws for the great state of California, that is enough to have notified the court that the justice court was without jurisdiction to rule the other court or leave the court to proceed while the matter involving the property. Adverse possession is for possession of the property, unlawful detainer's detainer for possession of the property, one judge in the State court cannot overrule a different judge in the same court, this body knows this and yet it ignored the rule, ignored the law, ignored my rights, and I object.

31. Because we are in a banking holiday as declared by Congress and the president of the United States, two third of the American government, and documented by the act of March 9, 1933, and proclamation 2038, 2039, and 2040, are the intentions of Congress during that enactment and proclamation holds sway in this venue and jurisdiction?

32. Since Congress has declared the national emergency to still be extant, as documented in the notes and in the act known as the National Emergency[ies] Act, that means that this is a federal matter involving a "government obligation", either way it would mean that the first, there could be no demand for payment of the debt while the United States is in a current bankruptcy ('… **we are here now in chapter 11. Member of Congress are official trustees presiding over the greatest reorganization of any bankrupt entity in world history, the U.S. government'-**

Congressional Record March 17, 1933 P.H.- 1303), because the United States Congress in the act of June 5, 1933 has made it clear that such demand would be against public policy as it would interfere with the United States Congress is delegation of authority to regulate the currencies of the United States.

**"The ownership of all property is in the state…. " Senate Document No. 43, 73rd Congress, 1st Session "**

33.   "Under the  new law the money is issued to the banks in return for government c The money will be worth 100 cents on the dollar because it is backed by the credit of the nation. It will represent a mortgage on all homes, and other property of all the people of the nation." Congressional Record, March 9, 1933 on HR 1491 P. 83;  see 12 USC 411?

34.   The clerk of the court including commissioners and/ or pro- tem's cannot make judicial decisions and/or judicial determination, without consent as neither of them are elected officials, elected by the people to the position of the judgeship, if my presentment are unacceptable in light with the table of authorities aforementioned, please be specific if not I must insist that you stop interfering  to access the court.

35.   Paragraphs 1-26 are re-alleged as though fully set out herein. Specifically defendants., knew it was not entitled to collect on the non- existent debt.

36.  Defendants were fully aware that they were unable to provide a performance contract executed by Plaintiff, whereby Plaintiff is obligated to defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff's request the following relief to be awarded for each Cause of Action:

1. That this Court declare ( declaratory relief) that defendant did not acquire any interest in the alleged debt and  or real property demonstrated in the recorded Assignment of Deed of Trust ( Mortgage) by their reliance of a <u>MERS transfer</u> of the alleged Note and Mortgage;

2. For Declaratory Relief, including the following Decrees of this Court that

- The <u>Assignment of Mortgage is</u> void and no probative  value;

- Plaintiff requests a determination of the court to determine if defendant in fact is "debt collector" and or "creditor" as defined in defendant communications, or the act itself.

- That Defendant is prohibited from sending any additional notices making demands of Plaintiff regarding such alleged debt;

- Actual, and statutory damages in an amount determined at trial, and within the jurisdictional amount of this court;

- Awarding Plaintiff any pre- judgment and post – judgment interest as may be allowed  under the law.

- and any other such damages deemed appropriate by the court.

Defendant(s) are therefore liable unto Plaintiff(s) pursuant to 15 U.S.C. §1629(k) in the amount of $1,000 plus punitive, consequential, treble damages, and actual damages. **Jury trial is demanded.**

## COMPLAINT   FOR DAMAGES

1
2  Dated: April _19_, 2018.

3
4                                    By: _____
5                                        Dale  Curten, *Consumer*.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT   FOR DAMAGES**

**EXHIBIT "A"**

**LAW OF THE CASE**

## Law of the Case (FDCPA CITATIONS)



- Police v. Nat'l Tax Funding, L.P., 225 F.3d 379 (3rd Cir. 2000). ██████████ ██████that████████████████████████ and then███████████████ ████████████████would be██████████████████████ ███████████████████████████████████████ ████████ should also be vicariously liable for their██████████████

- Keele v. Wexler, 149 F/3d 589. 594 (7th Cir. 1998)███████████████ █████████████████████████████████████████████████████ ███████████████████

- Baker v. G.C. Servs. Corp., 677 F.2d 775, 777 (9th Cir. 1982). "The Act is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actual
- Capital Credit & Collection Serv., Inc. v. Armani, 206 P.3d 1114 (Or. Ct. App. 2009). A "false, deceptive, or misleading representation or means in connection with the collection of any debt" under § 1692e includes communications by the debt collector to the debtor's attorney, since the FDCPA applies to direct and indirect collection efforts.

- O'Connor v. Checkk Rite, 973 F. Supp. 1010 (D. Colo. 1997). FDCPA is a strict liability statute and only one violation need be shown to entitle consumer to summary judgment.

- Reyes v. Kenosian & Miele, L.L.P., 619 F. Supp. 2d 796 (N.D. Cal. 2008). Contents of state court complaint are subject to the FDCPA.

- Hayden v. Rapid Collection Sys., Inc., 2006 WL 1127180 (D. Ariz. Apr. 27, 2006). Collector's reliance on information from the creditor was immaterial since the FDCPA is a strict liability statute. The court recognized that such reliance might be an aspect of the bona fide error defense.

- Randall v. Nelson & Kennard, 2010 WL 3636258 (D. Ariz. Sept. 20, 2010). The FDCPA is considered a strict liability statute, meaning that a consumer need not show that the debt collector intentionally, fraudulently, or knowingly violated the Act.

1

- Ayala v. Dial Adjustment Bureau, Inc., 1986 U.S. Dist. LEXIS 30983 (D. Conn. Dec. 4, 1986). The FDCPA should be construed to accomplish the regulatory goals intended by Congress.

- Chalik v. Westport Recovery Corp., 677 F. Supp. 2d 1322 (S.D. Fla. 2009). The FDCPA establishes a strict liability standard and requires only one violation for a consumer to prevail. A debt collector may still violate the FDCPA while simultaneously following an authorized state procedure.

- Pollack v. Bay Area Credit Serv., L.L.C., 2009 WL 2475167 (S.D. Fla. Aug. 13, 2008). FDCPA is a strict liability statute so the consumer need not show that the violation was intentional.

- Ross v. Commercial Fin. Serv. Inc., 31 F. Supp. 2d 1077, 1079 (N.D. Ill. 1999). "Because it is designed to protect consumers, the FDCPA is generally liberally construed."

- McDonaiel v. South & Assocs., P.C., 325 F. Supp. 2d 1210 (D. Kan. 2004). FDCPA is a remedial statute which should be construed liberally in favor of the consumer.

- Bishop v. Global Payments Check Recovery Servs., Inc., 2003 WL 21497513 (D. Minn. June 25, 2003).███████████████████████████████████ ███████████████████████

- Picht. V. Hawks, 77 F. Supp. 2d 1041, 1043 (D. Minn. 1999) aff'd , 236 F.3d 446 (8th Cir. 2001). The FDCPA is a "remedial, strict liability statute which was intended to be applied in a liberal manner."CPA is a "remedial, strict liability statute which was intended to be applied in a liberal manner."

- Boyko v. Am. Intern. Group, Inc., 2009 WL 5194431 (D.N.J. Dec. 23, 2009). The FDCPA is generally a strict liability statute and does not require proof of actual damages to support a claim.

- Deere v. Jvitch, Block & Rathbone L.L.P., 413 F. Supp. 2d 886 (S.D. Ohio 2006). "The Sixth Circuit has described the statute as 'extraordinarily broad' and its terms must be literally enforced."

- Becker v. Montgomery, Lunch, 2003 WL 23335929 (N.D. Ohio Feb. 26, 2003). FDCPA is, for the most part, a strict liability statute.

- Mushinsky v. Nelson, Watson & Assoc., L.L.C., 642 F. Supp. 2d 470 (E.D. Pa. 2009). FDCPA is a remedial statute and should be construed broadly.

- Agueros v. Hudson & Kyse, L.L.C., 2010 WL 3418286 (Tex. App. Aug. 31, 2010). "The FDCPA is a strict liability statute, and only one violation of the FDCPA is necessary to establish civil liability."

- Johnson v. Equifax Risk Mgmt. Servs., 2004 WL 540459 (S.D.N.Y. Mar 17, 2004)



- PA. Munoz v. Pipestone Fin., LLC, 397 F. Supp. 2d 1129 (D. Minn. 2005).

- Donley v. Nordic Properties, Inc., 2003 WL 22282523 (N.D. Ill. Sept. 30 2003). A ███████ seeking to ███████ its ███ n ███ bt was ███ a ███████████"; ███████, its ███████████

- Laws v. Cheslock, 1999 U.S. Dist. LEXIS 3416 (N.D. Ill. Mar, 8, 1999). By listing his own name and "attorney at law" in large font at the top of the page, the creditor's in-house collection lawyer gave the misleading impression that he was a solo practitioner. Other factors included the statement that the matter had been "referred to me for collection"; the reference to "my office"; and the use of plural pronouns. The presence of the creditor's name in the letterhead was only one factor in determining whether the attorney employed by the creditor acted in the name of the creditor. Whether a lawyer was a debt collector could be decided as a matter of law, where dunning letter could lead an unsophisticated consumer into believing the lawyer did not work as an employee of the creditor.

3

EXHIBIT "A"

- Kolker v. Sanchez, 1991 WL 11691589 (D. N.M. Dec. 10, 1991). ███████████████

- Dolente v. McKenna, 1996 WL 304850 (E.D. Pa. June 6, 1996). The court denied the motion to dismiss by the law firm representing a creditor as it found the law firm was a debt collector under the FDCPA as it regularly engaged in debt collection for others.

- Woodside v. New Jersey Higher Educ. Assistance Auth., 1993 WL 56020 (E.D. Pa. Mar. 2, 1993). Plaintiffs were consumers protected by the FDCPA despite defendant's argument that they are not because plaintiffs have the ability but not the desire to pay the collector's claim.

**EXHIBIT "B"**

**Dunning Notice from Defendant ( "SHELLPOINT")**

**COMPLAINT    FOR DAMAGES**

**Shellpoint**
Mortgage Servicing

Phone Number: 866-316-4706
Fax: 866-467-1137
www.shellpointmtg.com

Mon - Fri:8:00AM-10:00PM
Sat:8:00AM-3:00PM

Case 2:18-cv-00965-TLN-KJN   Document 1   Filed 04/19/18   Page 17 of 27



December 7, 2016

**Re: Property Address: 1525 Dogwood Ct Wasco, CA 93280**

Dear Dale Wayne Curten and Lawana Curten:

Shellpoint Mortgage Servicing would like to welcome you and inform you that effective 12/01/2016, the servicing of your loan has been transferred from Specialized Loan Servicing LLC to Shellpoint Mortgage Servicing. At Shellpoint, we believe trust, integrity and sound practices are the cornerstones of relationships, and are committed to providing you with quality service and an exceptional experience unlike any other.

Shellpoint Mortgage Servicing, understands mortgages can seem complex, and it is our responsibility to provide you with as many tools and options to make it as simple and easy for you as possible. Our Customer Care Team has an immense amount of knowledge and are here to address all your concerns. If you have any questions regarding your mortgage loan, your payment or have any other concerns, please call us at 866-316-4706. Our live agents are available between the hours of 8:00AM-10:00PM Monday through Friday, and 8:00AM-3:00PM on Saturdays (EST). It is our pleasure to speak with you any time you need us.

You may also visit our website at www.shellpointmtg.com where you will find additional information regarding mortgages. Once you create an account, you will have online access to make payments, view statements and even chat with a live agent to address any question you may have.

Despite mortgages seeming complicated, we believe servicing our customers shouldn't be. With that in mind, please feel free to use the payment coupon below to send us your first payment. We offer several easy payment options, including:

- Free ACH
- Online Account Payment
- Phone (either with our IVR system or live agent)

Shellpoint Mortgage Servicing welcomes you and is excited to have you as our valued customer.

Sincerely,
Shellpoint Mortgage Servicing

✂  Detach Temporary Payment Coupon And Return With Payment  ✂

# PAYMENT COUPON

| | |
|---|---|
| Loan Number | 0578149119 |
| First Payment Due Date: | 07/01/2008 |
| Monthly Payment Amount | $ 1,809.17 |
| Amount Enclosed: | $ |

P.O. BOX 1410
TROY, MI 48099-1410
RETURN SERVICE REQUESTED



S-SFRECS20 L-10-M R-117
P6DPZZ00500194 - 504675169 I01546

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
DALE WAYNE CURTEN
LAWANA CURTEN
13945 W WALNUT GROVE RD
SLIP 18
WALNUT GROVE CA 95690-9511

**Please mail your payment and this coupon to:**

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
SHELLPOINT MORTGAGE SERVICING
P.O. BOX 740039
CINCINNATI, OH 45274-0039

**SEE REVERSE SIDE OR ATTACHED FOR AN IMPORTANT STATEMENT OF YOUR RIGHTS.**

**Shellpoint**

Mortgage Servicing

75 Beattie Place, Suite 300
Greenville, SC 29601

Hours of Operation (EST)
Monday - Friday: 8 a.m.-10 p.m.
Saturday: 8 a.m.-3 p.m.

Phone Number: (866) 825-2066
Fax: (866) 467-1187
Email: escalations@shellpointmtg.com

February 1, 2018

Dale Wayne Curten
Lawana Curten
13945 West Walnut Grove Road, Slip 18
Walnut Grove, CA 95690

RE:   Escalation Case #:      1331347
      Reference #:           0578149119
      Account #:             xxxx1094
      Property:              1525 Dogwood Court
                             Wasco, CA 93280

Dear Dale Wayne Curten:

The Bank of New York Mellon FKA the Bank of New York as Trustee for the Certificateholders of CWABS Inc., Asset -Backed Certificates, Series 2007-11is currently the owner of the account number ending in 1094. Shellpoint Mortgage Servicing ("Shellpoint") began servicing the loan on the behalf of the owner referenced above on or about December 01, 2016. As of the date of this response, the unpaid principal balance is $186,193.52. Note that interest, payments, credits, and other allowable charges may cause the loan's balance to vary daily; therefore, you should contact Shellpoint at (866) 316-4706 to determine the exact balance.

Shellpoint acknowledges the correspondence that you sent regarding the subject property. Please be advised that Shellpoint did not originate the loan, and is servicing he loan pursuant to the original agreement and all applicable state laws and federal regulations. On May 29, 2007, the loan was originated by Counrtywide Home Loans with an unpaid principal balance of $187,000.00, whose address was 4500 Park Granada MSN 3 SVB-314, Calabasas, CA 91302. Later on or about December 01, 2016, the servicing of the loan transferred to Shellpoint. Notification of the servicing transfer of the loan was provided to Dale Wayne Curten and Lawana Curten by way of the enclosed letter dated December 07, 2016 . We have enclosed copies of the Adjustable Rate Note, Deed of Trust and Validation of Debt Notice, which validate the debt, for your review. In addition, we have enclosed a Loan History Summary, which provides an accounting of the funds received an d applied to the loan, the fees assessed to the loan, as well as any escrow related disbursements on the loan, for your review.

If you feel fraud was committed at the time of origination or during the execution of certain documents, Shellpoint will be able to further research the matter upon the receipt of supporting documentation and/or a police report regarding that incident. Please send a copy of the police report to Shellpoint's Loan Servicing Department via facsimile at (866) 467-1187 or via email to loanservicing@shellpointmtg.com.

Reviewing the original agreement indicates that the loan originated with Mortgage Electronic Registration Systems (MERS) as the nominee for the lender and the lender's successors and/or assigns. When MERS is the nominee, a written assignment reflecting the transfers in ownership of the loan may not be issued. However, the loan was later assigned out of MERS to the Bank of New York Mellon FKA the Bank of New York as Trustee for the Certificateholders of CWABS Inc., Asset -Backed Certificates, Series 2007-11is by way of the enclosed Assignment of Deed of Trust. As conveyed in the assignment, the Bank of New York is the current owner of the loan.

As of the date of this response, the loan is due for the July 01, 2008 through February 01, 2018 installments. Note that the loan was referred to an attorney in February of 2016 to commence foreclosure proceedings due to the loan's delinquent balance; however, there is no sale date scheduled at this time.

Shellpoint maintains that it is servicing the loan according to the applicable state and federal law, and we will continue to service the loan as such. We also maintain that the debt is valid.

For further questions regarding the loan and/or to discuss possible loss mitigation/liquidation options, we respectfully request you to call Shellpoint's Loss Mitigation Department at (866) 825-2174 for assistance.

Should you have further questions, you may contact Shellpoint's Escalations Department at (888) 536-9761 Monday through Friday between the hours of 8:00 a.m. to 5:00 p.m. (EST). You may also reach us via email at escalations@shellpointmtg.com.

Si usted no entiende el cont enido de esta carta, por favor contacte a uno de nuestros representantes que hablan español al número (800) 365-7107.

Sincerely,


Escalation Department
Shellpoint Mortgage Servicing

Enclosures:    Notice of Transfer of Servicing, Adjustable Rate Note, Deed of Trust,
               Loan History Summary and Assignment of Deed of Trust


## Please read the following important notices as they may affect your rights.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communic ation is from a debt collector.

If you are a customer in bankruptcy or a customer who has received a bankruptcy discharge of this debt: please be advised tha t this notice is to advise you of the status of your mortgage loan. This notice constitutes neithe r a demand for payment nor a notice of personal liability to any recipient hereof, who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United Sta tes Bankruptcy Code. However, it may be a notice of possible enforcement of the lien against the collateral property, which has not been discharge d in your bankruptcy.

As required by law, you are hereby notified that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill your credit obligation. The state Rosenthal Fair Debt Collectio n Practices Act and the federal Fair Debt Collection Practices Act require that, except und er unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than y our attorney or spouse, about your debt. Collectors may contact another person to confirm your locat ion or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1 -877-FTC-HELP or www.ftc.gov.

**Attention Servicemembers and Dependents:** The federal Servicemembers Civil Relief Act and certa in state laws provide important protections for you, including interest rate protections and prohibiting foreclosure under most circumstances durin g and twelve months after the servicemember's military or other service. Counseling for covered servicemembe rs is available from Military OneSource and the United States Armed Forces Legal Assistance or other similar agencies.

The following is a Spanish translation of the information previously provided:

## Lea por favor las siguientes avisos importantes que pued an afectar sus derechos.

El objeto de la presente notificación es gestionar el cobro de la deuda, y toda información obtenida será utilizada a tal fin . La presente comunicación proviene de un agente de cobro de deudas.

Si usted es un cliente en situación de bancarrota o un cliente que ha recibido una eliminación de esta deuda por bancarrota: tenga en cuenta que esta notificación tiene como fin informarle sobre el estado de su préstamo hipotecario. Este aviso no constituye una exigencia de pago ni un aviso de responsabilidad civil contra ningno de los destinatarios de la presente notificación, que pudiese haber recibido un descargo de este tipo de deuda de conformidad con la legislación vigente sobre bancarrota o que pudiera ser objeto de suspensión automát ica en virtud del Artículo 362 del Código de Bancarrota de los

**EXHIBIT "C"**

**Plaintiff  Notice of Dispute Letter**

**COMPLAINT    FOR DAMAGES**
13

December 28 2016
Date
Shellpoint
P.O. BOX 1410
Troy, MI. 48099-1410


0578149119
Account Number

Dale Curten


13945 W Walnut Grove Rd.
Walnut Grove          CA          95690-9511

Shellpoint
P.O. Box
Troy, MI. 48099-1410

RE: Creditor Account # 0578149119

This letter is lawful notification to Shellpoint, as the first step of due process of law pursuant to the Bill of Rights and the Federal Constitution, in particular Articles I, IV, V, VII, and IX of the Amendments,. Please take Notice that (Dale Curten) **CONDITIONALLY ACCEPTS YOUR CLAIM UPON BONA FIDE PROOF (in good faith and without deceit) that your claim is lawful and valid.**

Please take lawful notice that in order to effect this *BONA FIDE PROOF  Shellpoint* via a legally authorized representative is lawfully required and hereby demanded to respond point by point in Truth, Fact and Evidence to each and every item set forth in this correspondence before he or his Authorized Representative can make an offer to settle Shellpoint's alleged claim in this matter.

Please provide the following:

1. A copy of the contract that binds myself, a Natural Person, and Shellpoint, a creature of the State who is defined as an ARTIFICIAL PERSON.

2. PROOF OF CLAIM via certified, notarized, specific, and relevant documents that Shellpoint:

    a. Has any contract or agreement which lawfully compels this Natural Person to accept and/or respond to any communications from Shellpoint.
    b. Is a lawful and valid party in interest in this matter.
    c. Is not an unrelated third party
    d. Is not an unrelated third party debt collector
    e. Did not purchase  this alleged debt for an agreed upon cost from an alleged other COMPANY, CORPORATION, or Party.
    f. Is not acting on its own behalf and/or interests in this instant matter.

Please have your legally authorized representative respond via signed affidavit, under penalty of perjury, and enclose copies of all relevant documents that demonstrate BONA FIDE PROOF OF YOUR CLAIM within 30 days of receipt of this letter, via certified mail.

Your failure to provide a lawfully valid response within 30 days, as stipulated, is Shellpoint and their representatives admission to the fact that you have no BONA FIDE PROOF OF CLAIM in this instant matter which is your lawful, legal and binding agreement with and admission to this fact as true, correct, legal, lawful and binding upon you, in any court, anywhere in America, without your protest or objection or that of those who represent you. Your silence is your acquiescence.

All Rights Reserved,

Dale Curten, American Citizen
13945 W Walnut Grove Rd
Walnut Grove, CA. 95690

# CEASE AND DESIST
# ALL ACTION

New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing

P O BOX 740039

Cincinnati, OH 45274-0039

C/O Zieve, Brodnax & Steele, LLP

30 Corporate Park, Suite 450

Irvine, CA 92606

This is a letter to demand that Shellpoint Mortgage Servicing, Zieve, Brodnax & Steele, LLP CEASE AND DESIST ALL ACTION to collect said debt. I sent Shellpoint Mortgage Servicing a letter for them to prove that I owed said debt. I have yet to receive any such proof. ( see attached Copy of Letter ) I have no Contract with Shellpoint Mortgage Servicing, Bank of New York Mellon or any other Mortgage company Recorded on 1525 Dogwood Ct, Wasco, Ca.

You are in violation of the Fair Debt Collection Practices Act 15 U.S.C Section 1692. If any more action is taken without proof of said debt. I will file Fraud charges against all party's involved.

Dale Curten                                              Date        1/8/2018

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### EXHIBIT "D"

**Deed of Trust that states on line  23 (page 14)**

**COMPLAINT   FOR DAMAGES**

14

Recording Requested By:
I. Sandler

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.

TRUE & CERTIFIED COPY

MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423
Prepared By:
MARINA YAKUSHENOK

――――――――――― [Space Above This Line For Recording Data] ―――――――――――

CURTEN                                        00016929109405007
[Escrow/Closing #]                              [Doc ID #]

## DEED OF TRUST

MIN 1000157-0008179612-6

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated MAY 29, 2007        , together with all Riders to this document.
(B) "Borrower" is
DALE WAYNE CURTEN, AND LANANA CURTEN

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS

Page 1 of 16

-6A(CA) (2007)    CHL (08/05)(d)    VMP Mortgage Solutions, Inc. (800)521-7291        Form 3005 1/01
CONV/VA





* 2 3 9 9 1 *                    * 1 6 9 2 9 1 0 9 4 0 0 0 0 0 1 0 0 0 A *

DOC ID #: 00016929109405807

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. **Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. **Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. **Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

1

## CERTIFICATE OF SERVICE

2   I certify that the copy of the Summons and Complaint will be served upon defendant(s) party

3   listed below on compliance with Rule 4;

4

5   **NEW PENN FINANCIAL,LLC**
    **DBA  as SHELLPOINT MORTGAGE SERVICING**
6   **c/o R/A THE PRENTICE - HALL CORPORATION SYSTEM, INC.**
    2710 Gateway Oaks Drive Suite 150N
7   Sacramento, California 95833

8

9   **WEDGEWOOD**
    c/o **R/A COGENCY GLOBAL INC**.
10   Attention: ERIN UPCHURCH
    1325 J. Street Suite 1550
11   Sacramento, California 95814

12

13   **THE  BANK OF NEW YORK MELLON**
    **c/o R/A  CT CORPORATION SYSTEM**
14   **Attention: Vivian Impeial**
    818 West Seventh Street Suite 930
15   Los Angeles, California 90017

16

17

18

19

20

21

22

23

24

25

26

27

28

## COMPLAINT    FOR DAMAGES