UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE CURTEN,<br><br>Plaintiff,<br><br>v.<br><br>NEW PENN FINANCIAL, LLC, et al.,<br><br>Defendants. | No. 2:18-cv-0965-TLN-KJN PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

INTRODUCTION

Plaintiff Dale Curten, who proceeds without counsel, commenced this action on April 19, 2018, and paid the filing fee. (ECF No. 1.)[1] Presently pending before the court are motions to dismiss filed by defendants Wedgewood, New Penn Financial, LLC dba Shellpoint Mortgage Servicing, and Bank of New York Mellon, N.A. (ECF Nos. 9, 18.) Plaintiff initially failed to respond to the motions in accordance with Local Rule 230(c). Nevertheless, in light of plaintiff's *pro se* status and the court's desire to resolve the action on the merits, the court vacated the hearing on the motions to dismiss and provided plaintiff with an additional opportunity to respond

////

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

to the motions to dismiss. (ECF No. 25.)[2] Thereafter, on June 22, 2018, plaintiff filed an opposition to the motions to dismiss, and on July 9, 2018, and July 19, 2018, defendants filed reply briefs, all of which have been considered by the court. (ECF Nos. 27, 28.)[3]

For the reasons discussed below, the court recommends that the motions to dismiss be GRANTED without leave to amend.

BACKGROUND

Plaintiff's complaint is vague and rambling, but appears to generally allege that defendants violated the federal Fair Debt Collection Practices Act ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and the Federal Emergency Relief Act of 1933 when plaintiff's property located at 1525 Dogwood Court in Wasco, California (the "Property") was sold at a non-judicial foreclosure sale. According to plaintiff, defendants did not have a proper interest in the Property or the related mortgage loan, but were merely debt collectors acting unlawfully. (See, generally, ECF No. 1.)

The requests for judicial notice filed by defendants shed some additional light.[4] In May 2007, plaintiff and Lawana Curten obtained a $187,000.00 mortgage loan by virtue of a note secured by a Deed of Trust pertaining to the Property. (ECF No. 10-1, Ex. 1; ECF No. 18-2, Ex. B.) The Deed of Trust identified Countrywide Home Loans, Inc. dba America's Wholesale Lender as the lender; Recon (Orange) Trust Company as the trustee; and Mortgage Electronic

---

[2] More specifically, the court's order provided that "plaintiff shall file any opposition or statement of non-opposition to the pending motions no later than 7/5/18. Any reply brief by defendants shall be due 7/19/18. Thereafter, the motions will be submitted without oral argument for decision on the record and written briefing pursuant to Local Rule 230(g). No further briefing will be permitted unless specifically requested by the court." (ECF No. 25.)

[3] The court declines to consider plaintiff's further responses filed on July 27, 2018 (ECF Nos. 30, 31), because: (a) they amount to surreplies not authorized under Local Rule 230; (b) the court's June 11, 2018 order specifically advised the parties, consistent with Local Rule 230, that after filing of the opposition and reply briefs no further briefing would be permitted; and (c) defendants have not been provided with a fair opportunity to respond to such unauthorized filings.

[4] The court grants defendants' requests for judicial notice (ECF Nos. 10, 18-2), which request the court to take judicial notice of public records recorded with the Kern County Recorder's office. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of matters of public record).

2

Registration Systems, Inc. ("MERS") as the nominee for the lender and the lender's successors and assigns, as well as the beneficiary under the Deed of Trust. (Id.) The Deed of Trust provided that the note or a partial interest in the note, together with the Deed of Trust, could be sold one or more times without prior notice to the borrower. (Id. ¶ 20.)

On June 14, 2013, the Kern County Superior Court issued an order declaring that the Deed of Trust should be recorded, and that the Deed of Trust constitutes "an equitable lien in favor of BONY in first priority lien position encumbering the subject property." (ECF No. 10-1, Ex. 1; ECF No. 18-2, Ex. B.) The court order and attached Deed of Trust was subsequently recorded on May 2, 2014. (Id.)

On October 24, 2017, a Notice of Default and Election to Sell Under Deed of Trust was recorded, identifying the Bank of New York Mellon as the owner of the loan; New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing as the loan servicer; and the Law Offices of Les Zieve as the trustee. (ECF No. 10-2, Ex. 2; ECF No. 18-2, Ex. C.) Thereafter, on February 12, 2018, a Notice of Trustee's Sale was recorded against the Property. (ECF No. 10-3, Ex. 3; ECF No. 18-2, Ex. D.) Finally, according to a Trustee's Deed Upon Sale recorded on March 29, 2018, the Property was sold to Breckenridge Property Fund 2016, LLC at a trustee's sale conducted on March 12, 2018. (ECF No. 10-4, Ex. 4; ECF No. 18-2, Ex. A.)

LEGAL STANDARD

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in Iqbal). However, leave to amend need not be granted where it would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

////

////

DISCUSSION

As an initial matter, defendant Wedgewood moves to dismiss on the basis that, despite plaintiff's conclusory allegation in the complaint, Wedgewood has no connection with plaintiff's loan or Property. Wedgewood claims that it was not a party to the loan, did not service the loan, did not conduct the trustee's sale of the Property, did not purchase the Property at the trustee's sale, and does not currently hold title to the Property. However, the court notes that, according to the records of the California Secretary of State, the buyer at the trustee's sale, Breckenridge Property Fund 2016, LLC, has the exact same address as defendant Wedgewood (2015 Manhattan Beach Blvd., Suite 100, Redondo Beach, CA 90278). See https://businesssearch.sos.ca.gov/CBS. As such, the relationship, if any, between defendant Wedgewood and Breckenridge Property Fund 2016, LLC is unclear, and the court finds it inappropriate to resolve that factual question in the context of a motion to dismiss and on this incomplete record. Nevertheless, because defendant Wedgewood and the other defendants also request dismissal based on the substance of plaintiff's claims, the court instead proceeds to resolve the motions on those grounds.

First, defendants correctly argue that plaintiff lacks standing to challenge the validity of the assignment of plaintiff's debt from Countrywide Home Loans and/or MERS to defendant Bank of New York Mellon, the asserted owner of the loan at the time of the trustee's sale. "Standing is a threshold issue necessary to maintain a cause of action, and the burden to allege and establish standing lies with the plaintiff." Mendoza v. JPMorgan Chase Bank, N.A., 6 Cal. App. 5th 802, 810 (2016). "District courts have held that borrowers who were not parties to the assignment of their deed—and whose rights were not affected by it—lacked standing to challenge the assignment's validity because they had not alleged a concrete and particularized injury that is fairly traceable to the challenged assignment." Marques v. Federal Home Loan Mortgage Corp., 2012 WL 6091412, at *4 (S.D. Cal. Dec. 6, 2012). Here, even assuming, without deciding, that there had been some technical deficiencies in the assignment, plaintiff entirely fails to allege how he was harmed thereby. Regardless of which party owned the loan or held the Deed of Trust, plaintiff was still responsible for his debt and obligated to make payments, and failure to do so would result in foreclosure regardless of who owns the loan. Plaintiff does not allege, for

example, that he was required to pay his debt obligations twice.[5]  Therefore, plaintiff plainly lacks standing to challenge the assignment of his loan.

Second, defendants' contention that plaintiff fails to state a cognizable claim under the FDCPA and RFDCPA has merit.  It is well established that foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA or the RFDCPA.  See Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008).  Therefore, plaintiff's claims under the FDCPA and the RFDCPA are subject to dismissal.

Third, as defendants point out, plaintiff's claim for violation of the Federal Emergency Relief Act of 1933 not only fails to state a claim upon which relief can be granted, but is also frivolous.  In support of that claim, plaintiff alleges that defendants could not demand payment of a debt while the United States is in a current bankruptcy.  (ECF No. 1, ¶ 32.)  Plaintiff's allegations appear to rely on the "vapor money" theory, which "provides that since 1933 and the New Deal, the United States has been bankrupt and lenders have been creating unenforceable debts because they are lending credit rather than legal tender.  Those proceeding under the 'vapor money' theory contend that all loans not based on legal tender are not collectible." Kuder v. Washington Mutual Bank, 2009 WL 2868730, at *3 n.5 (E.D. Cal. Sept. 2, 2009).  That theory "has been consistently rejected by federal courts as frivolous." Id. at *3 (collecting cases).  Therefore, plaintiff's claim under the Federal Emergency Relief Act of 1933 is also subject to dismissal.

Consequently, the court recommends that plaintiff's claims be dismissed.  Ordinarily, it is the court's practice to liberally allow leave to amend, especially to a *pro se* litigant, if it appears possible that pleading deficiencies could be cured.  However, the nature of plaintiff's claims here suggests that they could not be remedied by additional or more detailed factual allegations, and that leave to amend would be futile.  See Cahill, 80 F.3d at 339.  As such, the court recommends

---

[5] Moreover, the Kern County Superior Court in its June 14, 2013 order apparently confirmed that the Deed of Trust constitutes an equitable lien in favor of Bank of New York Mellon in first priority lien position, and that the proper owner of the loan was therefore Bank of New York Mellon.

6

that dismissal be without leave to amend and with prejudice.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (ECF Nos. 9, 18) be granted without leave to amend on the grounds articulated above.
2. The action be dismissed with prejudice.
3. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and non-frivolous motions for emergency relief, the court will not entertain or respond to any motions or other filings until the findings and recommendations are resolved by the district judge.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: August 27, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE